UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Questar Data Systems, Inc.,

       Plaintiff,

v.

Service Management Group, Inc.,

       Defendant.

Civil No.: 06-0471(JNE/JJG)

**REPORT AND RECOMMENDATION**

**APPEARANCES**

Robert Kugler and Marta Chou, Esqs., for Plaintiff

Patrick Kenney, Esq. for Defendant

JEANNE J. GRAHAM, United States Magistrate Judge

     The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on May 2, 2006, on Plaintiff's Motion to Remand (Doc. No. 9). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated herein, the undersigned finds the jurisdictional requirements regarding the amount in controversy have been sufficiently pleaded. Accordingly, the Court recommends Plaintiff's motion be denied.

     **I.**    **Introduction**

     Plaintiff Questar Data Systems, Inc., ("Questar") and Defendant Service Management Group, Inc., ("SMG") are in the customer satisfaction research and consulting business and are direct competitors.

Questar brought the instant suit against SMG in a Minnesota state court for damages it claims it suffered as a result of SMG causing a subpoena and Notice of Deposition *duces tecum* to be served on Questar as a third-party witness in a separate action between SMG and one of SMG's former employees who is now employed at Questar. SMG removed this action to federal court on the basis of diversity and an amount in controversy exceeding $75,000. Questar now seeks remand back to the state court contending the amount of damages in controversy do not meet the $75,000 statutory requirements, and asserts that this Court does not, therefore, have subject matter jurisdiction over the claims raised in this action.

## II.     Legal Standard

When the two parties to an action are citizens of different states, as they are here, a federal district court's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where a complaint alleges an unspecified amount of damages or an amount under the jurisdictional minimum, the removing party, must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000). "The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount." *Id.* (internal marks omitted).

The burden is on the party invoking federal jurisdiction to show by a preponderance of the evidence that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) *(citing Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002)). This rule applies even in a removed case where the party invoking jurisdiction is the defendant. *James Neff Kramper,* 393 F.3d at 831 (citing *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir.2003)

(applying the rule in a removed case)).

### III.   Discussion

Questar's Complaint alleges three counts. Count One alleges abuse of process against SMG for issuing the subpoena it alleges is overly-broad and designed to harass and injure Questar and Questar's clients by seeking highly confidential and proprietary information. Specifically, Questar's Complaint alleges abuse of process by SMG relating to the issuance of the subpoena, and specifically alleges Questar has suffered approximately $33,370.[1] Questar states these damages are principally in the form of attorney's fees, which Questar has been forced to incur to protect its own confidential information and confidential information of its clients, particularly Walgreen Company and Darden Restaurants. The Complaint also alleges interference with contract and unfair competition claims against SMG. Both of these causes of action generally allege that some of its contracts and relationships with its clients have suffered some damage as a result of SMG's actions. The Complaint specifically identifies Walgreen and Darden Restaurants as clients of Questar. Questar alleges SMG threatened Darden with litigation, which potentially strained the relationship between Darden and Questar.

The Complaint does not specifically identify any dollar amount of damages under the interference with contract and unfair competition claims. Under both causes of action, the Complaint states "[a]s a result of SMG's intentional interference, Questar has been injured and suffered damages in an amount to be proven at trial." Consequently, Questar's Complaint alleges a total amount in controversy equal to $33,370 + (plus) an unspecified amount of damages for interference with contract + (plus) unspecified

---

[1] At the hearing on May 2, 2006, counsel for Questar informed the Court that the amount of legal fees and costs incurred by Questar as a result of the Subpoena have now risen to $50,000. However, this increase does not impact the Court's analysis and the Court will, therefore, continue to reference the $33,370 alleged in the Complaint.

amount of damages for unfair competition.

Although the actual amount in controversy is not specifically pleaded by Questar in the Complaint, it is obvious from an examination of the allegations in the Complaint that Questar has pleaded damages in an amount that is more than $33,370. Under *Trimble,* SMG, as the removing party, bears the burden of proving by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. *Trimble* 232 F.3d at 959. Proving an issue by a "preponderance of the evidence" means that "the trier of fact [] believe[s] that the existence of a fact is more probable than its nonexistence ... ." *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, n. 9 (1997). Therefore, SMG must demonstrate by a preponderance of evidence that a finder of fact "could or might" find damages under Questar's claims of interference with contract and/or unfair competition in an amount that is at least $41,631. *See James Neff Kramper,* 393 F.3d at 831.

The Court finds SMG has met this burden. According to the sworn declaration of Andrew Fromm, President and CEO of SMG, Fromm learned through discussions with Darden Restaurants that Darden uses in excess of $500,000 per year in customer satisfaction and loyalty services. Fromm also states that based on Questar's Complaint, which identifies Darden as a client of Questar, Questar is the vendor that provides Darden with these customer satisfaction and loyalty services.

Questar has not disclosed the actual value of its contracts with Darden or Walgreens, or the estimated loss, if any, in value to either contract as a result of the alleged conduct of SMG. The Court finds such disclosure unnecessary for its determination here. Plaintiff has alleged it has been injured and "suffered damages in an amount to be proven at trial." From the evidence presented by SMG, it can reasonably be inferred that the value of Questar's contract with Darden holds a value of up to $500,000, and that $500,000 thus represents the maximum amount of damages a finder of fact could find SMG liable for under

Questar's interference of contract claim as it pertains to Darden.

Jurisdiction is measured by the amount properly pleaded or as of the time of the suit, not by the end result. *Zunamon v. W.G. Brown*, 418 F.2d 883, 887 (8th Cir. 1969). "The jurisdictional fact ... is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." *James Neff Kramper*, 393 F.3d at 833 (quoting *Kopp,* 280 F.3d at 885). From the evidence presented by SMG in its opposition to the instant motion, the Court concludes that a fact finder might or could legally conclude that the damages suffered by Questar for any alleged interference by SMG of Questar's contract with Darden, exceed $41,631. Stated differently, from the allegations set forth by Questar in its Complaint, the Court does not find to a legal certainly that the value of the damages claims are less than $75,000. Accordingly, the Court find that the Complaint in this case meets the jurisdictional requirement of pleading an amount in controversy over $75,000.

### IV. Conclusion

Having heard the arguments of counsel, and having reviewed the motions, memoranda, affidavits and the entire file and record herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion to Remand (Doc. No. 9) be **DENIED**.

Dated: May 16, 2006                     s/Jeanne J. Graham
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 6, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.